IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

NARRAGANSETT BAY INS. CO.,

Plaintiff,

v.

HOUES OF ROHL, LLC, *et al.*,

Defendants.

HONORABLE KAREN M. WILLIAMS

Civil Action
No. 1:26-cv-02850-KMW-SAK

**OPINION**

**Michael Riehl, Esq.**
Law Office of Michael Riehl, Inc.
71 West Main Street, Suite 302
Freehold, NJ 07728
*Counsel for Plaintiff Narragansett Bay Insurance Company*

**Michael A. Salvati Esq.**
Marshall Dennehey, P.C.
2000 Market Street
Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant House of Rohl, LLC*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

This insurance subrogation action arises from a January 2024 house flood in Sea Isle City, New Jersey. Plaintiff Narraganset Bay Insurance Company ("Plaintiff"), as subrogee of its insured, Keith Williams, seeks to recover against Defendant House of Rohl, LLC[1] ("Rohl") for amounts it paid for property damage caused by the flood.

Rohl moves to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. The Court has considered the parties' submissions. For the reasons set forth below, Rohl's motion is **GRANTED**.

[1] Rohl contends that the Complaint incorrectly names Rohl, Inc. as "House of Rohl, Inc."

## II. BACKGROUND[2]

On or about January 27, 2024, Plaintiff provided insurance benefits to its subrogor Keith Williams, under a homeowner's insurance policy, for damage to Mr. Williams's home in Sea Isle City, New Jersey. (Compl. ¶¶ 1-2.) Rohl provided some service(s) in connection with a shower valve that is alleged to have contributed to the property damage. (Compl. ¶ 3.)[3]

On February 17, 2026. Plaintiff commenced this action in state court. On March 19, 2026, Rohl removed the matter to this Court. (ECF. No. 1.)[4] The Complaint raises three counts simplified for clarity as: (1) common-law negligence based on design, manufacture, distribution, installation, maintenance, inspection, repair, and failure to warn; (2) product-liability claims pursuant to the New Jersey Products Liability Act ("NJPLA"); and (3) breach of express, implied, and contractual warranties. (Compl. at 3-6.)

Rohl argues that Plaintiff's common-law negligence and breach of implied warranty claims are subsumed by the NJPLA and that Plaintiff's remaining claims alleging product liability and breach of express warranty are deficiently pled. In response, Plaintiff concedes that its implied warranty and common-law negligence claims relating to alleged defects in the product are subsumed, but contends that the remaining claims are sufficiently pled.

---

[2] In recounting the foregoing facts, the Court accepts as true the well-pled factual allegations of the Complaint and draws all reasonable inferences therefrom in Plaintiff's favor. *See Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

[3] Specifically, the Complaint alleges that Rohl "provided services designing and/or manufacturing and/or distributing and/or selling and/or maintaining and/or inspection and/or repair of a shower valve or other similar products." *Id.*

[4] Though the Complaint does not allege either parties' domicile or citizenship, or the amount Plaintiff paid out to its subrogee, the Court, having reviewed the Notice of Removal (ECF No. 1) and Rohl's Corporate Disclosure Statement, (ECF No. 2) is satisfied that it has subject-matter jurisdiction.

## III. LEGAL STANDARD

"To survive a motion to dismiss [pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In deciding a motion to dismiss, the court takes note of the elements needed for plaintiff to state a claim and determines whether the factual allegations in the complaint plausibly give rise to entitlement to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). A district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint "that offers 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557 (2007)).

## IV. DISCUSSION

### A. <u>Plaintiff's Common-Law Negligence and Breach of Implied Warranty Claims for Harm Caused by the Valve Are Subsumed by the NJPLA.</u>

The NJPLA subsumes any cause of action "for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty." *Clements v. Sanofi-Aventis, U.S. Inc.*, 111 F. Supp. 3d 586, 596 (D.N.J. 2015) (quoting N.J.S.A. § 2A:58C-1(b)(3); *see id.* ("New Jersey law no longer recognizes breach of implied warranty,

negligence, and strict liability as viable separate claims for harm deriving from a defective product.") (citing *Port Auth. v. Arcadian Corp.*, 189 F.3d 305, 313 (3d Cir. 1999)). However, this subsumption does not apply to negligence claims "aris[ing] from the independent conduct of a defendant, which is unrelated to the inherent defect in the product itself." *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 823 (D.N.J. 2019); *see, e.g.*, *Universal Underwriters Ins. Grp. v. Pub. Serv. Elec. & Gas Co.*, 103 F. Supp. 2d 744, 748 (D.N.J. 2000) (holding that negligence claims premised on the defendant's maintenance and oversight of an emergency-response program were not governed by the NJPLA, unlike claims arising from the defendant's provision of electricity).

Here, Plaintiff alleges that Rohl breached its duty to exercise reasonable care in "the designing and/or manufacturing and/or distributing and/or installation and/or maintenance and/or inspection and/or repair of the shower valve" and for failure to warn. (Compl., Count 1 ¶¶ 6-8.) It also alleges a breach of an implied warranty that the component parts were safe for their normal and intended use. (*Id.*, Count 2 ¶ 3.) Plaintiff's claims alleging negligent design, manufacture, distribution, and failure to warn with respect to the valve, as well as its implied warranty claim, plainly arise from harm allegedly caused by a defective product and are therefore subsumed by the NJPLA. *See Hindermyer*, 419 Supp. 3d at 823. By contrast, Plaintiff's claims alleging negligent installation, maintenance, inspection, and repair are not subsumed, to the extent they arise from duties independent of harm caused by a defective product. Accordingly, Plaintiff's common-law negligence and breach of implied warranty claims are dismissed with prejudice.

**B. <u>Plaintiff's Remaining Claims Are Insufficiently Pled.</u>**

**1. Breach of Express Warranty**

Claims for breach of express warranty are governed by N.J. Stat. Ann. § 12A:2-313.[5] In order to state a claim for breach of an express warranty, a plaintiff must allege that: (1) the defendant made an affirmation of fact, promise or description about the product; (2) that this affirmation, promise or description became part of the basis for the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description. *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 706 (D.N.J. 2011). Failure to identify a specific express representation is fatal to the claim. *See, e.g., Fid. & Guar. Ins. Underwriters Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 452 (D.N.J. 2013) (dismissing express warranty claim where the complaint merely recited that the defendant knew or had reason to know the product's intended use and represented that it was fit for that use, free of design defects, and of merchantable quality, without alleging a specific express representation); *Gonzalez v. Apple, Inc.*, Civ. No. 22-2617, 2022 WL 16922178, at *3 (D.N.J. Nov. 14, 2022) (dismissing express warranty claim where the complaint merely alleged that the defendant expressly warranted that the product was of merchantable quality and free from defects, but did not include the specific language the defendant used to make that alleged warranty or the source of the warranty).

The present complaint does not identify any affirmation of fact, promise, or description about the valve made by Rohl that became part of the bargain between Rohl and Narragansett's insured or the source of the warranty. It merely states that defendants (including Rohl) "breached

---

[5] The Court considers Plaintiff's separate reference to express and contractual warranties together, because they are interchangeable in this context. *See Kavon v. BMW of N. Am., LLC*, 605 F. Supp. 3d 622, 636 (D.N.J. 2022) (explaining that express warranties are "contractual in nature.")

their express, implied and contractual warranties in that the said components were not, in fact, safe for use, nor were they fit for their intended and normal purposes under the [NJPLA]." (Compl., Count 3 ¶ 3.) This is precisely the sort of vague and conclusory allegation deemed insufficient by the courts in *Omega Flex* and *Gonzalez*. Therefore, this claim will be dismissed without prejudice.

### 2. Product Liability

The NJPLA recognizes three claims for product liability: design defect, manufacturing defect, and failure to warn. *Mendez v. Shah*, 94 F. Supp. 3d 633, 637 (D.N.J. 2015) (citing N.J.S.A. § 2A:58C-2). An injured Plaintiff is not required to prove a specific manufacturer's defect; it must only prove that something was wrong with the product. *Myrlak v. Port Auth. of N.Y.* & N.J., 723 A.2d 45, 52 (N.J. 1999). However, the mere occurrence of an accident and the mere fact that someone was injured are not sufficient to demonstrate the existence of a defect. *Id.*

A failure to warn claim requires a plaintiff to demonstrate that a product failed to contain adequate warnings or instruction concerning the product's potential for injury. *See* N.J.S.A. §2A-58C-2. At the pleading stage a plaintiff must, at minimum, identify what warnings were given, if any, and specifically what danger should have been disclosed. *See Broschart v. Husqvarna AB*, Civ. No. 20-18795, 2021 WL 3269664, at *5 (D.N.J. July 30, 2021); *see, e.g. Eisenbrey v. Wal-Mart Stores E., LP*, Civ. No. 24-6299, 2024 WL 4712833, at *4 (D.N.J. Nov. 7, 2024) (dismissing failure to warn claim that alleged only that the defendant knew of and should have warned about danger from the subject carpeting, as conclusory); *Williams v. Int'l Paper Co.*, Civ. No. 21-19765, 2023 WL 5705047, at *10 (D.N.J. Sept. 5, 2023) (finding allegation that the defendant unreasonably failed to warn consumers of the danger of removing debris from the purportedly defective machine while there were unguarded moving parts, "minimally sufficient" to survive motion to dismiss).

A design defect claim requires that a plaintiff show that the product was manufactured as intended but the design rendered the product unsafe. *Vicente v. Depuv Synthes Cos.*, 570 F. Supp. 3d 232, 241 (D.N.J. 2021) (citation omitted). At the pleading stage, this requires a plaintiff to assert that the product's risk outweighs its utility or that a reasonable alternative design exists. *Hindermyer*, 419 F. Supp. 3d at 823-24.

A manufacturing defect claim requires allegations that the product deviated from the design specification, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae. *See* N.J.S.A. § 2A-58C-2(a). A plaintiff can establish a manufacturing defect by demonstrating that the product failed to conform to the manufacturer's standards or to other units of the same kind. *Hindermyer*, 419 F. Supp. 3d at 824 (citing *Mendez*, 28 F. Supp. 3d at 298).

In the present complaint, Plaintiff alleges all three theories of defect in a single paragraph. *See* Compl. Count 2 ¶ 4. However, like Plaintiff's claim for express warranty, it does so in a conclusory fashion without any supporting factual averments. For instance, it does not identify any specific warning that was inadequate or omitted; allege facts showing that the product's risk outweighed its utility; identify a reasonable alternative design, or explain how the valve departed from the manufacturers' specifications and standards. Instead, the complaint essentially alleges only that an accident occurred and that someone was injured. *See Myrlak*, 723 A.2d 52. Accordingly, these claims will be dismissed.

### 3. Remaining Negligence Claims

To the extent Plaintiff's claims for negligence premised upon installation, maintenance, inspection, and repair can be interpreted as challenging conduct independent of any defect in the product itself, Plaintiff's catch-all allegation that Rohl performed these services negligently is

plainly insufficient under *Twombly/Iqbal*. The Court agrees with Rohl that a properly pled claim would clearly state whether Rohl performed the installation, maintenance, inspection, and repair, and some allegation of how it performed those services negligently. Accordingly, these claims will be dismissed.

## V. CONCLUSION

Plaintiff's common-law claims for negligence and breach of implied warranty premised upon harm caused by a defective product are subsumed by the NJPLA. They are **DISMISSED with prejudice**. Plaintiff's remaining claims asserting product-liability theories, breach of express warranty, and negligence theories, independent of any defect in the product itself, are insufficiently pled and the Court will **DISMISS** them **without prejudice**. The Court will grant Plaintiff leave to amend the Complaint within 30 days to cure the identified deficiencies.

Dated: September 21, 2026

KAREN M. WILLIAMS,
UNITED STATES DISTRICT JUDGE